UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARLENE R. ATHERTON,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>BEVERLY HILLS PUBLIC LIBRARY, ET AL.,<br><br>　　　　　Defendants. | Case No. CV 19-10167-CJC (KK)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

## I.

## **INTRODUCTION**

Plaintiff Arlene R. Atherton ("Plaintiff"), proceeding pro se and in forma pauperis, filed a "civil rights" Complaint pursuant to the Americans With Disabilities Act ("ADA") and 42 U.S.C. § 1983 ("Section 1983"). For the reasons discussed below, the Court dismisses the Complaint with leave to amend.

## II.

## **ALLEGATIONS IN THE COMPLAINT**

On November 27, 2019, Plaintiff filed the Complaint under the ADA and Section 1983. ECF Docket No. ("Dkt.") 1. Although not entirely clear, the Complaint appears to sue the Beverly Hills Library and Beverly Hills Police Department (collectively, "Defendants"). Id. at 3. Plaintiff appears to allege

Defendants violated her constitutional rights and failed to accommodate her traumatic brain injury when she was removed from the Beverly Hills Public Library on November 25, 2019 by the Beverly Hills Police Department and was required to meet with a library supervisor to reinstate her public use privileges. Id. at 1-2. While not entirely clear, it appears Plaintiff also claims her removal from the Beverly Hills Library prevented her from complying with deadlines in other cases before the federal district court in Illinois and the United States Supreme Court. Id. Plaintiff does not appear to seek any specific relief.

## III.

## **STANDARD OF REVIEW**

As Plaintiff is proceeding in forma pauperis, the Court must screen the Complaint and is required to dismiss the case at any time if it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); see Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

Under Federal Rule of Civil Procedure 8 ("Rule 8"), a complaint must contain a "short and plain statement of the claim showing the pleader is entitled to relief," and "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a), (d). In determining whether a complaint fails to state a claim for screening purposes, the Court applies the same pleading standard as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007). In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it. Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). However, the court need not accept as true "allegations that are merely

conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

"A document filed pro se is 'to be liberally construed,' and a 'pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008). However, liberal construction should only be afforded to "a plaintiff's factual allegations," Neitzke v. Williams, 490 U.S. 319, 330 n.9, 109 S. Ct. 1827, 104 L. Ed. 2d 339 (1989), and the Court need not accept as true "unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations," Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003).

If the court finds the complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). However, if, after careful consideration, it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).

///

///

# IV.

# DISCUSSION

# THE COMPLAINT FAILS TO COMPLY WITH RULE 8

## A. APPLICABLE LAW

Federal Rule of Civil Procedure 8 ("Rule 8") requires a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought." Fed. R. Civ. P. 8. "[T]he 'short and plain statement' [required by Rule 8] must provide the defendant with 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 346, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005). "Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." Bautista v. L.A. Cty., 216 F.3d 837, 841 (9th Cir. 2000).

Rule 8 "has been held to be violated by a pleading that was needlessly long, or a complaint that was highly repetitious, or confused, or consisted of incomprehensible rambling." Cafasso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1059 (9th Cir. 2011) (citation and internal quotation marks omitted); see McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming the dismissal of a complaint under Rule 8 for being "argumentative, prolix, replete with redundancy, and largely irrelevant"). A complaint may be dismissed for violating Rule 8 even if "a few possible claims" can be identified and the complaint is not "wholly without merit." Id. at 1179 (stating Rule 8's requirements apply "to good claims as well as bad"); see also Cafasso, 637 F.3d at 1059 (discussing cases in which the Ninth Circuit affirmed Rule 8 dismissals); Hearns v. San Bernardino Police Dep't, 530 F.3d 1124, 1130-31 (9th Cir. 2008) (same). Likewise, a court may dismiss a claim as factually frivolous when the facts alleged are implausible. Denton v. Hernandez, 504 U.S. 25, 32-33, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992).

**B.     ANALYSIS**

Here, the Complaint fails to provide a short a plain statement of claims or demand for relief. Rather, the Complaint consists largely of incomprehensible ramblings regarding the incident at the Beverly Hills Library with numerous attached documents that do not even appear to be related to this incident. See dkt. 1, Compl. Moreover, Plaintiff fails to describe what civil rights were violated by her removal from the library or the accommodations she believes she was entitled to under the ADA.

First, to the extent Plaintiff is alleging non-parties Lynda Agbagani, Dennis Cathey, and Dina (Secretary to Ray Tromba) are conspiring to monitor her "geo location using law enforcement resources – via phone/computers, and informants (immigrants, students, retires, and homeless[)]" and prevent her "means of access to computer use on public computers – public library, hotels", id. at 4, her allegations are factually implausible and "rise to the level of the . . . wholly incredible". See Denton, 504 U.S. at 32-33. In addition, such allegations do not appear relevant to stating an ADA or Section 1983 claim against the Beverly Hills Library or Police Department.

Second, it is unclear how Plaintiff's removal from the Beverly Hills Library violated Plaintiff's civil rights or the ADA. Plaintiff argues her "Adversary desires to use Structural limitation of computer access to prevent legal rights civil rights economic claim." Id. at 2. Plaintiff conclusorily describes the exhibits to the Complaint as "further incidents of obstruction of justice § 1512 and Retaliation of Witness." Id. It appears from Exhibit B, however, that Plaintiff was ordered not to return to the library for a one-week period, but she could appeal the revocation of her library privileges and was required to schedule a meeting with the City Librarian prior to returning to the library in order to review the Standards of Behavior Policy. Id. at 11. Plaintiff, therefore, fails to plausibly allege a violation of her civil rights of the ADA based upon her removal from the library.

As a result of the Complaint's lack of clarity and specificity, the Court cannot decipher the nature of Plaintiff's claims or the relief sought. The Complaint, thus, fails to provide Defendants adequate notice of the legal claims being asserted against them, or the factual basis for such claims. See McHenry, 84 F.3d at 1176. Ultimately, the Complaint, "leav[es] it to the Court to figure out what the full array of [Plaintiff's] claims is and upon what federal law, and upon what facts, each claim is based," and is, therefore, subject to dismissal. Little v. Baca, No. CV 13–0373-PA (RZ), 2013 WL 436018, at *3 (C.D. Cal. Feb. 1, 2013); see also Clayburn v. Schirmer, No. CIV S-06-2182 ALA (P), 2008 WL 564958, at *3-4 (E.D. Cal. Feb. 28, 2008) (Alarcón, Circuit J., sitting by designation) (dismissing "long, rambling pleading" under Rule 8 and noting that "[t]he court (and any defendant) should be able to read and understand Plaintiff's pleading within minutes").

Accordingly, the Complaint is subject to dismissal for failure to comply with Rule 8. See McHenry, 84 F.3d at 1177.

## V.

## **LEAVE TO FILE A FIRST AMENDED COMPLAINT**

For the foregoing reasons, the Complaint is subject to dismissal. As the Court is unable to determine whether amendment would be futile, leave to amend is granted. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). Plaintiff is advised that the Court's determination herein that the allegations in the Complaint are insufficient to state a particular claim should not be seen as dispositive of that claim. Accordingly, while the Court believes Plaintiff has failed to plead sufficient factual matter in her pleading, accepted as true, to state a claim to relief that is viable on its face, Plaintiff is not required to omit any claim in order to pursue this action. However, if Plaintiff asserts a claim in her First Amended Complaint that has been found to be deficient without addressing the claim's deficiencies, then the Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately will submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for

6

failure to state a claim, subject to Plaintiff's right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the service date of this Order, Plaintiff choose one of the following two options:

1. Plaintiff may file a First Amended Complaint to attempt to cure the deficiencies discussed above. **The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the First Amended Complaint, which the Court encourages Plaintiff to use.**

If Plaintiff chooses to file a First Amended Complaint, she must clearly designate on the face of the document that it is the "First Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form. Plaintiff shall not include new defendants or allegations that are not reasonably related to the claims asserted in the Complaint. In addition, the First Amended Complaint must be complete without reference to the Complaint, or any other pleading, attachment, or document.

An amended complaint supersedes the preceding complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the Court will treat all preceding complaints as nonexistent. Id. **Because the Court grants Plaintiff leave to amend as to all her claims raised here, any claim raised in a preceding complaint is waived if it is not raised again in the First Amended Complaint.** Lacey v. Maricopa Cty., 693 F.3d 896, 928 (9th Cir. 2012).

The Court advises Plaintiff that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff files a First Amended Complaint that continues to include claims on which relief cannot be granted. "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'" Ismail v. Cty.

of Orange, 917 F. Supp. 2d 1060, 1066 (C.D. Cal. 2012); see also Ferdik, 963 F.2d at 1261. Thus, **if Plaintiff files a First Amended Complaint with claims on which relief cannot be granted, the First Amended Complaint will be dismissed without leave to amend and with prejudice.**

2. Alternatively, Plaintiff may voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of Court is directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court encourages Plaintiff to use if he chooses to voluntarily dismiss the action.**

**Plaintiff is explicitly cautioned that failure to timely respond to this Order will result in this action being dismissed with prejudice for failure to state a claim, or for failure to prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

Dated: January 08, 2020

HONORABLE KENLY KIYA KATO
United States Magistrate Judge